**UNITED STATES of America, Plaintiff–Appellee,**

v.

**German ARIAS–GRANADOS, aka German Hernandez and Miguel Rosas–Arenos, aka Carlos Lopez–Ramirez, Defendants–Appellants.**

**Nos. 90–50507, 90–50570.**

United States Court of Appeals, Ninth Circuit.

Argued April 4, 1991.

Submitted Aug. 8, 1991.

Decided Aug. 13, 1991.

David J. Cohen and Martha M. Hall, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendants-appellants.

Cynthia A. Bashant and Michael G. Wheat, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. 8 U.S.C. § 1326 provides, in relevant part:
(a) Subject to subsection (b) of this section, any alien who—
(1) has been arrested and deported or excluded and deported, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, ...
shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

Before SCHROEDER and REINHARDT, Circuit Judges, and KING,* District Judge.

SCHROEDER, Circuit Judge:

These two appeals raise identical challenges to the application in appellants' cases of section 2L1.2(b)(1) of the Federal Sentencing Guidelines, which requires a four-level increase in a defendant's base offense level if "the defendant previously was deported after sustaining a conviction for a felony." Because we find that the district court properly applied this section in sentencing appellants, and because such application did not violate due process standards, we affirm.

Appellant German Arias–Granados and appellant Miguel Rosas–Arenos were both arrested while present in this country illegally. Both had sustained previous felony convictions and had been deported. Both were charged with violation of 8 U.S.C. § 1326(b)(1), reentry following deportation for a felony conviction. The maximum sentence for that crime is five years.

Appellants then entered into plea negotiations and eventually both pleaded guilty to one count of 8 U.S.C. § 1326(a), simple reentry after deportation. The maximum sentence for that charge is two years in prison.[1]

At sentencing, both defendants received a two-level reduction for acceptance of responsibility and each was assigned a criminal history category which is not challenged in this appeal. What is challenged is the application of section 2L1.2(b)(1), which resulted in a four-level increase in each appellant's offense level.[2] This raised

(1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 5 years, or both....

2. Section 2L1.2, titled "Unlawfully Entering or Remaining in the United States," provides:

(a) Base Offense Level: 8
(b) Specific Offense Characteristic
(1) If the defendant previously was deported after sustaining a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.
U.S.S.G. § 2L1.2.

Arias–Granados' total offense level from six to ten, and his guideline range from 9–15 months to 21–27 months. He received a sentence of 21 months. The application of section 2L1.2(b)(1) to appellant Rosas–Arenos resulted in a total offense level of ten rather than six and a guideline range of 24–30 months rather than 12–18 months. Because the maximum statutory penalty was 24 months, the district court sentenced Rosas–Arenos to 24 months in prison. Both appellants, in virtually identical briefs, challenge the applicability of the four-point increase.

All of appellants' arguments focus on the fact that the sentencing court considered appellants' prior felony convictions as directed by section 2L1.2(b)(1). A prior felony conviction is an element of the crime with which appellants were charged, 8 U.S.C. § 1326(b)(1), but is not an element of the crime to which they pleaded guilty, 8 U.S.C. § 1326(a). None of appellants' arguments are compelling.

■ Appellants first contend that because the key enhancing element of subsection 2L1.2(b)(1), the existence of a prior felony conviction, is not encompassed within the offense of conviction (reentry after deportation under 8 U.S.C. § 1326(a)), the district court should not have considered prior felony convictions in sentencing them. In effect, appellants contend that the district court could not look to any characteristics or conduct that was not an element of the crime of conviction. This position ignores the structure of the Guidelines.

Section 1B1.2(a) directs the court first to select the appropriate guideline section by looking at the crime of conviction.[3] Section 2L1.2 is the applicable guideline section for a violation of 8 U.S.C. § 1326. *See* U.S.S.G. § 2L1.2 comment. Section 1B1.2(b) then directs the district court to look at specific offense characteristics under that guideline in order to determine the applicable range within the guideline section. *See* U.S.S.G. § 1B1.2(b) & application

n. 2 (sentencing court determines appropriate guideline section for offense of conviction, then looks at specific offense characteristics under that guideline to determine range). The district court properly looked to subsection 2L1.2(b)(1), which is clearly labeled as a specific offense characteristic within the appropriate offense section. Moreover, guideline section 1B1.3(a)(4) mandates consideration of "any other information specified in the applicable guideline." Thus the district court was required by the clear language of the Guidelines to consider the prior convictions in calculating appellants' sentences.

Appellants also contend that the parallel history and practical effect of the statutory provision and the challenged guideline suggests that Congress did not intend that section 2L1.2(b)(1) be applied to a conviction under 8 U.S.C. § 1326(a). In support of this argument, appellants cite only the historical fact that the two provisions were enacted within a year of each other, and the practical result that many defendants who are convicted felons will receive little benefit from a plea to simple reentry after deportation as a result of the application of section 2L1.2(b)(1). There is no basis, however, for appellants' assumption that every theoretical plea to a lesser charge must result in some benefit to the hypothetical defendant. What is more, these defendants did benefit from their pleas. Due to his criminal history, Rosas–Arenos faced a 24–30 month guideline range, but because the statutory maximum for the crime to which he pleaded is only two years, he received a sentence of 24 months. Had he been convicted of section 1326(b)(1), he could have received up to six additional months in prison. Similarly, Arias–Granados' guideline range was calculated to be 21–27 months, but the statutory maximum reduced that range to a maximum of 24 months.

■ Appellants also claim they were sentenced contrary to the spirit of their plea

---

**3.** Section 1B1.2(a) directs the sentencing court to "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (*i.e.,* the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." U.S.S.G. § 1B1.2(a).

bargains and that the government acted "dishonestly" in bargaining away the more serious offense, when they received a sentence based upon the conduct that was an element of the more serious offense. Appellants' pleas were made with their eyes wide open and with knowledge of the relevant Guidelines provisions; there was no agreement by the government that the provisions of the Guidelines would not be followed. As the First Circuit noted in a similar context:

> The defendant was clearly put on notice that all relevant information would be given to the Probation Office and the court. At the time defendant executed the plea agreement she was represented by counsel.... We can therefore assume that defendant's counsel knew of the sentencing procedure under the guidelines and of the [relevant provisions]. Nowhere in the plea agreement does the government even suggest that the sentence would be based solely on the crime charged in the indictment.

*United States v. Fox*, 889 F.2d 357, 363 (1st Cir.1989); *see also United States v. Scroggins*, 880 F.2d 1204, 1214 (11th Cir. 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). Here, the government bargained away the option to seek sentences above § 1326(a)'s two-year maximum in exchange for appellants' guilty pleas. The appellants were warned at sentencing that their sentences were controlled by the Guidelines as written and that they could receive sentences of up to two years. There was no stipulation of facts that would be exclusively relied upon in sentencing. *Contrast United States v. Bos*, 917 F.2d 1178 (9th Cir.1990).

Finally, appellants contend that their due process rights have been violated because the sentencing court considered conduct which amounted to a different crime that need not have been proved beyond a reasonable doubt. Here, the burden of proof is immaterial, because the existence of the appellants' prior criminal record was proved beyond a reasonable doubt and indeed remains undisputed. Appellants' contention that they were treated, for all practical purposes, as if they had been convict-

ed of the greater crime is simply incorrect. Plaintiffs received the full benefit of a bargain that permitted them to plead guilty to a crime with a lesser maximum sentence.

AFFIRMED.