954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro C. HUERTA, Defendant-Appellant.
 No. 91-30177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided Feb. 12, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pedro Cadena-Huerta appeals from the sentence imposed after final judgment was entered by the district court. He claims that the district court incorrectly applied U.S.S.G. § 2L1.2(b)(1) when it increased his base offense level by four levels for his previous deportation after a conviction for a non-immigration felony, although the deportation alleged in the indictment had occurred prior to the post-felony conviction deportation. We hold that the four-level increase was appropriate but that the 27-month sentence exceeds the 24-month maximum prescribed by statute for the offense charged in the indictment.
 
 
 3
 The district court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 to review the judgment of the district court.
 
 
 4
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 5
 Cadena-Huerta was deported in 1988, unlawfully reentered, and was convicted of a felony. He was deported a second time in 1990. He was arrested in Yakima, Washington, on January 4, 1991, and later pleaded guilty to unlawfully entering the United States after deportation in violation of 8 U.S.C. § 1326, as stated in the Second Superseding Indictment of March 12, 1991. The indictment charged that he had been arrested and deported in 1988 and was found in the United States without permission from the Attorney General to apply for reentry.
 
 
 6
 The district judge sentenced Cadena-Huerta to 27 months imprisonment based on an offense level of 10 and a criminal history category of VI. Cadena-Huerta's base offense level included a four-level increase as provided by U.S.S.G. § 2L1.2(b)(1). That guideline provides:
 
 
 7
 If the defendant previously was deported after sustaining a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.
 
 
 8
 U.S.S.G. § 2L1.2(b)(1).
 
 
 9
 The appellant contends that the four-level increase is inappropriate because he was not deported following a conviction for a felony at any time before the 1988 deportation alleged in the indictment. In this case there was a felony conviction before the 1990 deportation but not before the 1988 deportation.
 
 
 10
 The Guidelines do not limit the section to deportations referred to in the indictment, or to convictions that occurred prior to the deportation referred to in the indictment. The relevant date, for the purpose of determining whether the defendant was deported previously following a felony conviction, is the date of the current offense, not the date of the deportation alleged in the indictment. For sentencing purposes, we are concerned with the defendant's behavior and status during and prior to the time of commission of the instant offense.
 
 
 11
 In addition, the section is not limited to convictions of 8 U.S.C. § 1326(b)(1) (reentry following deportation for a felony conviction). An application note to U.S.S.G. § 1B1.3 provides:
 
 
 12
 A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.... Unless such an express direction is included, conviction under the statute is not required.
 
 
 13
 U.S.S.G. § 1B1.3, comment (n. 5).
 
 
 14
 Cadena-Huerta argues that the Introductory Commentary to Chapter Two of the Guidelines, which states that the chapter "pertains to offense conduct" and concerns "specific offense characteristics," limits section 2L1.2 to the offense as charged in the Indictment. He argues that because the base offense level is increased not for a previous conviction but for a previous deportation following a felony conviction, the increase applies only when the previous deportation following a felony conviction is alleged in the indictment. We disagree.
 
 
 15
 The second superseding indictment to which Huerta pleaded guilty alleged only a violation of 8 U.S.C. § 1326(a).[1] There is no allegation that the 1988 deportation was after a conviction of a felony. In United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991), we held that sections 1326(a) and 1326(b) define two separate crimes. Id. at 998.
 
 
 16
 However, we rejected the argument in Arias-Granados that application of section 2L1.2(b)(1) was error even though based upon conduct that was not an element of the crime of which he was convicted. Id.
 
 
 17
 Although the four-level increase was proper, the sentence derived cannot exceed the statutory maximum,. As we recognized in Arias-Granados, a two-year maximum is applicable to a conviction under section 1326(a). As we have noted, the second superseding indictment specified a violation of section 1326(a) and made no allegation of a conviction prior to the 1988 deportation, which would be required for a conviction under section 1326(b)(1). Thus, the application of the four-level increase is limited to the two-year statutory maximum sentence. We therefore affirm with the modification that the sentence is limited to the 24-month maximum.
 
 
 18
 AFFIRM AS MODIFIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The original indictment and first superseding indictment specified section 1326(b)(1). However, the second superseding indictment did not