962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio DIAZ-RAMIREZ, Defendant-Appellant.
 No. 91-50553.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992*
Decided April 30, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal raises the question of when the government may punish an individual for conduct for which it has agreed not to prosecute him. This question has proved difficult, and our previous attempts at resolution are difficult to reconcile. Compare, e.g., United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990) with United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991).
 
 
 3
 On February 11, 1991, United States Border Patrol agents apprehended Diaz-Ramirez as he crossed the border into the United States. He admitted that he was an undocumented alien and was arrested. The Border Patrol conducted a records check and discovered that Diaz-Ramirez had been deported on July 7, 1978, January 17, 1985, and August 8, 1990. He was convicted of two felonies: Robbery on September 5, 1984, and burglary on September 10, 1986.
 
 
 4
 A federal grand jury indicted Diaz-Ramirez of being an undocumented alien in the United States after prior deportation, in violation of 8 U.S.C. § 1326. On April 8, 1991, he pleaded guilty to one violation of 8 U.S.C. § 1326(a), which mandates a fine or maximum prison term of 2 years for any alien who "(1) has been arrested and deported or excluded and deported, and thereafter (2) enters ... the United States." In the agreement, the government promised not to prosecute under 8 U.S.C. § 1326(b), which imposes a maximum five year prison sentence on aliens "whose deportation was subsequent to a conviction for commission of a felony."
 
 
 5
 The district court accepted Diaz-Ramirez's guilty plea. The United States Probation Department recommended that appellant be sentenced to 24 months imprisonment. The Probation Department added four levels to the base offense level of eight pursuant to U.S.S.G. § 2L1.2(b)(1), which states that "[i]f the defendant previously was deported after conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels." The district court accepted the recommendations, but added a two-level reduction for acceptance of responsibility. Diaz-Ramirez's offense level was determined to be ten, with a guideline range of 21 to 27 months. The court sentenced him to 24 months imprisonment and one year of supervised release. The defendant timely appealed, asserting that, in light of the government's agreement not to try him for reentering the country following deportation subsequent to a conviction for commission of a felony, the district court should not have increased his punishment for engaging in that very same conduct.
 
 
 6
 We previously addressed a case very similar to Diaz-Ramirez's in United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991). In Arias-Granados, the defendants were indicted for reentering the country following deportation subsequent to a felony conviction (§ 1376(b)) and then pleaded guilty to the lesser offense of reentry following deportation (§ 1376(a)). We allowed the district court to enhance the defendants' sentences under § 2L1.2(b)(1), rejecting the argument that such enhancement violated the "spirit" of the agreement. Id. at 998-99. We found that the spirit of the plea agreement was not violated for several reasons: (1) because the maximum sentence to which the defendants could be sentenced for the lesser offense--even with the enhancement--was shorter than the maximum sentence for the greater offense, the defendants benefitted from their plea bargain notwithstanding the enhancement; (2) because the guidelines clearly allowed the enhancement, the defendants' counsel could be expected to be aware of the possibility of enhancement and we could presume that the defendants' pleas "were made with their eyes wide open and with knowledge of the relevant Guidelines provisions;" and (3) the defendants were warned at sentencing that their sentences were controlled by the guidelines. See id. at 999. At issue here is the second requirement.
 
 
 7
 In the time since the defendants in Arias-Granados pled guilty, interpretation of the guidelines regarding enhancement following a plea agreement has become substantially less clear. In United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991), amending, 911 F.2d 222 (9th Cir.1990), we condemned such enhancement, stating that "for the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair; it violates the spirit if not the letter of the bargain." Id. at 1082. Following Castro-Cervantes, we were able to state in United States v. Fine, 946 F.2d 650 (9th Cir.1991), that "a court may not rely on dismissed charges in calculating the defendant's sentence." Id. at 652.
 
 
 8
 Arias-Granados and Castro-Cervantes are difficult to reconcile. However, we need not reconcile them here, because, even under the rationale of Arias-Granados, we believe that the district court improperly enhanced Diaz-Ramirez's sentence. In contrast to the defendants in Arias-Granados, Diaz-Ramirez's plea bargain was made after our decision in Castro-Cervantes. Under Arias-Granados, we must therefore determine whether the interpretation of the guidelines was sufficiently clear at that time to allow the presumption that the defendant's plea bargain "w[as] made with [his] eyes wide open and with knowledge of the relevant Guidelines provisions." Arias-Granados, 941 F.2d at 999. We find that it was not. Regardless of the degree to which the law had been clearly settled prior to Castro-Cervantes, after that decision a reasonable defendant could justifiably conclude--as the court did in Fine--that a district court could not enhance a sentence with conduct that formed the basis of the dismissed charges. In light of the agreement to dismiss the charge of reentry following deportation subsequent to arrest, we cannot presume that Diaz-Ramirez knew at the time of his post-Castro-Cervantes plea bargain that his sentence might be increased on the basis of that charge. Thus, it would be unfair, under the rule of lenity, to interpret the agreement's silence regarding the possibility of enhancement as agreement on the part of the defendant to the enhancement. Accordingly, we hold that enhancement of Diaz-Ramirez's sentence pursuant to § 2L1.2(b)(1) violated the spirit of his plea agreement. We therefore vacate his sentence and remand for a new sentencing hearing in conformity with this disposition.
 
 
 9
 VACATED AND REMANDED. THE MANDATE SHALL ISSUE FORTHWITH.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21