963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto HERNANDEZ-COLIN, aka Sergio Meras-Lopez, Defendant-Appellant.
 No. 91-50314.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided May 21, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Hernandez-Colin appeals the sentence imposed by the district court following his plea of guilty of violating 8 U.S.C. § 1326(a). We affirm.
 
 
 3
 Appellant Hernandez-Colin's presence in the United States has been a troubled one, and it culminated on January 23, 1989, when the state of California sent him to jail for the transportation and sale of narcotics. He was released and deported to Mexico, his place of birth, on August 27, 1990, at which time he was advised that were he to reenter the United States, he would again be sent to prison. Two days later he was observed by the United States Border Patrol climbing over the international border fence east of Calexico, California. The Border Patrol promptly arrested appellant for his illegal entry into this country.
 
 
 4
 On September 12, 1990, a grand jury indicted appellant for a violation of 8 U.S.C. § 1326(b)(1), the crime of being a deported alien in the United States subsequent to a felony conviction. On December 17, 1990, after entering into plea negotiations with the government, appellant pleaded guilty to the less severe violation of 8 U.S.C. § 1326(a), the crime of simply being a deported alien in the United States. Reference to his prior felony conviction was deleted as a result of the plea.
 
 
 5
 In appellant's pre-sentence report, the Probation Department determined that the applicable provision of the United States Sentencing Guidelines governing appellant's offense was U.S.S.G. § 2L1.2(a), which carries a base offense level of eight. The report recommended a two-level reduction for acceptance of responsibility. The report also applied a four-level increase pursuant to U.S.S.G. § 2L1.2(b)(1), because "the defendant previously was deported after sustaining a conviction for a felony." Applying a criminal history category of V, which is undisputed in this appeal, the report calculated a sentence range of 21 to 27 months. However, the statutory maximum for a violation of 8 U.S.C. § 1326(a) is only 24 months, making appellant's effective exposure 21 to 24 months. The report recommended a 24 month sentence.
 
 
 6
 On March 11, 1991, the district court departed from the Probation Department's recommendation and sentenced appellant to 21 months' custody, the low end of the Guidelines.
 
 
 7
 Appellant appeals his sentence on three grounds. He argues that (1) the upward four-level increase pursuant U.S.S.G. § 2L1.2(b)(1) applied non-relevant and non-offense conduct in violation of U.S.S.G. § 1B1.2(b); (2) the Guideline provisions, concerning relevant conduct, are ambiguous and override the significance of the plea agreement by imposing a punishment "exactly or almost exactly" as if the plea had been to the more severe offense under 8 U.S.C. § 1326(b)(1); and (3) application of the four-level enhancement violates appellant's due process rights because the Guidelines were used to effectively achieve a conviction under 8 U.S.C. § 1326(b)(1), which was neither proved by the government nor pleaded to by the defendant.
 
 
 8
 During the pendency of this appeal, we decided United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991). Our holding in Arias-Granados is directly contrary to all three of appellant's arguments, and we reject them on that basis. In that case we concluded that consideration of prior felonies under a charge of 8 U.S.C. § 1326(a) was consistent with U.S.S.G. § 1B1.2(a) & (b). See Arias-Granados, 941 F.2d at 998. Moreover, we noted that by pleading guilty to the less severe offense, a defendant reduces his maximum exposure of five years' imprisonment under 8 U.S.C. § 1326(b)(1) to two years under 8 U.S.C. § 1326(a). Thus there is neither an ambiguity in the Guidelines nor a constitutional violation by applying U.S.S.G. § 2L1.2(b)(1) to a defendant in appellant's situation. See Arias-Granados, 941 F.2d at 998-99. We therefore affirm the sentence in its entirety.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3