988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo BERUMEN-BLANCO, Defendant-Appellant.
 No. 92-30015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR91-1046T; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.
 Before EUGENE A. WRIGHT, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ricardo Berumen-Blanco was convicted by a jury of illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 33 months of imprisonment and 3 years of supervised release, to run consecutive to the state sentence Berumen-Blanco was already serving. Berumen-Blanco appeals, arguing the district court erred in: (1) admitting a certification of nonexistence of public records, because the certification revealed that a "diligent" search had not been performed; (2) treating his prior conviction as an enhancement rather than an element of the crime that must be proved at trial; and (3) setting his sentence to run consecutive to his state sentence. We affirm his conviction of illegal reentry into the United States in violation of 8 U.S.C. § 1326, but vacate his sentence and remand for resentencing consistent with that subsection.
 
 
 3
 I. Background.
 
 
 4
 Berumen-Blanco was indicted for illegal reentry into the United States following deportation for a felony conviction, in violation of 8 U.S.C. § 1326. Before trial, he filed a motion in limine seeking to prohibit the government from referring to his prior convictions during trial. The government agreed not to refer to any past crimes or to the fact that Berumen-Blanco was serving a sentence at a state prison when he was interviewed by the immigration officer. At trial the government offered no proof of Berumen-Blanco's prior felony conviction.
 
 
 5
 Berumen-Blanco filed another motion in limine seeking to prevent the government from introducing a certification of nonexistence stating that a search of government records failed to reveal a record indicating that Berumen-Blanco had applied for permission to reenter the United States after he was deported. The district court denied this motion. Berumen-Blanco was convicted by the jury, and sentenced to 33 months imprisonment and 3 years of supervised release. His sentence was set to run consecutive to the state sentence he was already serving.
 
 
 6
 II. Certification of Nonexistence.
 
 
 7
 Berumen-Blanco claims that the district court erred in admitting into evidence a certification of nonexistence of records because the certification showed on its face the lack of a diligent search. We review rulings on the admissibility of evidence for abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 (9th Cir.1991).
 
 
 8
 Two statutes are relevant here. Federal Rule of Evidence 803(10) and 8 U.S.C. § 1360(d) provide that a certification of nonexistence of a public record stating that a "diligent search" failed to disclose the record is not excluded by the hearsay rule. Here the district court admitted such a certification as proof that Berumen-Blanco had not applied for readmission to the United States following his deportation for a felony conviction.
 
 
 9
 Appellant's theory is that the records search was not "diligent" because the records were not searched for the name "Berumen." He concedes that the records were searched under his correct, full name, Berumen-Blanco. Agent Levy testified that the Hispanic name Berumen-Blanco signifies that the appellant's father's name was Berumen, his mother's Blanco. Because the patrilineal surname was Berumen, Agent Levy testified that in the search and indexing Berumen was used as the control name. That meant that the primary index for search purposes would use Berumen, and the search would be conducted primarily on Berumen. This explanation by Agent Levy obviated the concern that the name Berumen was not searched, so the trial judge did not abuse his discretion by allowing the certification to come into evidence. See United States v. Lee, 589 F.2d 980, 987-88 (9th Cir.1979).
 
 
 10
 III. Proof of Prior Felony Conviction.
 
 
 11
 Berumen-Blanco argues that the district court erred in sentencing him to a term of imprisonment and supervised release in excess of the statutory maximum for simple illegal reentry, 8 U.S.C. § 1326(a). He argues that the existence of a prior felony conviction is a necessary element of an offense under 8 U.S.C. § 1326(b), and that the government's failure to offer proof of this felony conviction at trial requires his resentencing. We review the legality of a sentence de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 12
 This issue is controlled by our recent decision in United States v. Gonzalez-Medina, 976 F.2d 570 (9th Cir.1992). There, confronted with the exact issue raised here, we held that:
 
 
 13
 the existence of a prior felony conviction is a necessary element of an offense under 8 U.S.C. § 1326(b) and that the government's failure to prove this element at ... the defendants' trials requires us to vacate their sentences and remand for resentencing.
 
 
 14
 Id. at 572. Here, as in Gonzalez-Medina, the government "not only elected not to put on any such evidence, but acquiesced in a jury instruction that only listed the three elements of section 1326(a) rather than the four elements of 1326(b)." Id. at 573.
 
 
 15
 Gonzalez-Medina also forecloses the government's invited error argument. Berumen-Blanco moved to exclude evidence of prior crimes, and the government acquiesced. Berumen-Blanco proposed a jury instruction which listed only the § 1326(a) elements, not the additional § 1326(b) element, in which the government acquiesced. We are unable to distinguish these facts from those which Gonzales-Medina held not to waive or invite the error. Id. As such,
 
 
 16
 [t]he jur[y] only heard evidence regarding the defendant['s] alleged violation[ ] of 8 U.S.C. § 1326(a). Accordingly, the defendant[ ] can only have been convicted of having violated section 1326(a). Because ... the sentence[ ] imposed exceed[s] the lawful maximum of twenty-four months under 8 U.S.C. § 1326(a) ... we must vacate the sentence[ ] imposed and remand for resentencing.
 
 
 17
 Id.
 
 
 18
 The conviction is AFFIRMED, but the sentence is VACATED and the case is REMANDED for resentencing.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We express no opinion on Berumen-Blanco's claim that the district court erred in sentencing him to a term of imprisonment and supervised release to run consecutive to a state sentence he is currently serving. Because he did not raise this issue before the district court during his sentencing, the court was deprived of an opportunity to correct any mistake that was made. Now that we have vacated his sentence, Berumen-Blanco will have the opportunity to make his argument to the sentencing court, where it should rightfully be made in the first instance