993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Sherod GREEN, Defendant-Appellant.
 No. 92-50414.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1993.
Decided May 21, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Green challenges his sentence under the guidelines for being a felon in possession of firearms. See 18 U.S.C. §§ 922(g)(1) & 924(a). Specifically, he challenges the district court's decision to apply U.S.S.G. § 2K2.1(c)(2) (Nov. 1990), which directs:
 
 
 3
 If the defendant used or possessed the firearm in connection with commission or attempted commission of another offense, apply § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than [that otherwise due for felonious possession of a firearm].
 
 
 4
 The district court found that Green possessed the firearms in connection with the offense of possessing with intent to distribute a controlled substance, methamphetamine. Section 2X1.1 incorporates by reference the underlying offense, which in this case is punished under U.S.S.G. § 2D1.1, the guideline applicable to drug dealing. In effect, Green was sentenced as though he had been convicted of trafficking in methamphetamine, a charge that had been dropped pursuant to a plea agreement, because of the cross-reference contained in the guideline applicable to felonious possession of firearms.
 
 
 5
 Appellant does not challenge either the constitutionality or the statutory authority for guideline 2K2.1(c)(2). Rather, he cites United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991), for the proposition that he cannot be punished for charges dropped pursuant to a plea agreement. However, our decision in United States v. Arias-Granados, 941 F.2d 996 (1991), requires that we find otherwise. In Arias-Granados, as in this case, the district court consulted the guideline for the offense of conviction and was directed, by its express language, to impose a higher sentence on the basis of conduct not a part of the offense. Id. at 998. In Arias-Granados, as in this case, the conduct producing the higher sentence had also been the source of an independent criminal charge, which was dropped pursuant to a plea agreement. Yet we upheld Arias-Granados' sentence as a straight-forward application of the sentencing guidelines, in spite of the argument that in so doing we deprived the defendant of the benefit of his bargain. Id.
 
 
 6
 We must do the same here. Although Arias-Granados differs from this case in that it involves a "specific offense characteristic" instead of a "cross-reference" to the guideline for an unspecified "other offense," compare § 2L1.2(b)(1) and 2K2.1(c)(2), the guidelines' commentary makes clear that the cross-reference in section 2K2.1 applies regardless whether or not the offense being cross-referenced is itself the subject of a separate conviction. See § 2K2.1, comment. (backg'd). And we have applied the cross-reference in such cases. For example, in United States v. Humphries, 961 F.2d 1421 (9th Cir.1992), we upheld the sentence of a defendant who pled to felonious possession of a firearm received the harsher sentence associated with aggravated assault, even though no separate charge for aggravated assault was pursued. So, too, we uphold Green's sentence, reached with the aid of the guideline for drug trafficking, even though that charge was not pursued.
 
 
 7
 Green raises three other challenges to his sentence, each of which we reject. First, he challenges the sufficiency of the evidence that he possessed the methamphetamine found in his kitchen. We review the district court's factual findings for clear error, United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990), and find none. Green apparently lived alone, so the court's inference that he possessed the drugs found in his home, in the absence of evidence to the contrary, is not clearly erroneous.
 
 
 8
 Second, Green argues that the district court improperly delayed sentencing and/or improperly included in his criminal history score a sentence for attempted murder that was handed down while sentencing in this case was delayed. We refuse to decide the appropriateness of Judge Keep's several continuances because Green agreed to (and in some instances requested) the delays. See United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.), cert. denied, 465 U.S. 1007 (1984) (we "will not generally consider a matter not first raised in the trial court"). Nor did Judge Keep err by considering in her calculation of Green's criminal history score his state sentence imposed for conduct occurring after the instant offense. See United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991) (per curiam). Increasing Green's criminal history score in this manner does not amount to improper "double or triple counting." The ordinary effect of the guidelines' treatment of criminal history is to punish more severely those who have already served, or are already serving, sentences for unrelated state court crimes. Nothing unusual or improper occurred here.
 
 
 9
 Green's final challenge is to the magnitude of the downward departure he received. We lack jurisdiction to address this challenge. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). Accordingly, Green's sentence is
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3