995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco ACEVEDO-CERBELLON, Defendant-Appellant.
 No. 93-50500.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1993.*
Decided May 26, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Acevedo-Cerbellon pled guilty to illegally entering this country after deportation in violation of 8 U.S.C. § 1326, and received a sentence of 84 months imprisonment. Acevedo-Cerbellon appeals from this sentence, arguing that the sentence exceeded the statutory maximum sentence of two years imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.
 
 
 3
 Title 8 U.S.C. § 1326(a) provides that any alien who has been deported and thereafter is found in the United States "shall be fined ... or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a) (1988 & Supp.1991). Section 1326(b)(2) provides for a maximum sentence of fifteen years where the deportation was subsequent to a conviction for an aggravated felony. 8 U.S.C. § 1326(b)(2) (1988). Acevedo-Cerbellon was sentenced under section 1326(b)(2). However, the indictment charged only that he had previously been deported and was found in the United States, and did not include a charge that he had previously been convicted of a felony.
 
 
 4
 In United States v. Gonzalez-Medina, 976 F.2d 570, 572 (9th Cir.1992), we held that sections 1326(a), 1326(b)(1) and 1326(b)(2) constitute separate crimes. Therefore, in order to sentence a defendant under section 1326(b)(2), the indictment must charge the elements of that offense, including the existence of a prior aggravated felony. See United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992).
 
 
 5
 Since the indictment did not charge that Acevedo-Cerbellon was previously convicted of a felony, he should have been sentenced under section 1326(a), not section 1326(b)(2). The appellant's sentence exceeds the statutory maximum of two years imprisonment imposed by section 1326(a). Accordingly, we vacate the sentence and remand for resentencing.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3