12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Carlos NUNEZ, Defendant-Appellant.
 No. 93-50207.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Carlos Nunez appeals his 24-month sentence, imposed following his guilty plea to reentering the United States after deportation in violation of 8 U.S.C. Sec. 1326(a). Nunez contends the district court erred by rejecting the government's recommendation for a 15-month sentence, thereby denying him the benefit of his plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 While the Sentencing Reform Act does not authorize appellate review of a lawful sentence within the applicable Sentencing Guidelines range, United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990), sentences that are unlawfully imposed are appealable. 18 U.S.C. 3742(a); United States v. Gomez-Padilla, 972 F.2d 284, 285 (9th Cir.1992); United States v. Cervantes-Valenzuela, 931 F.2d 27, 28 (9th Cir.1991) (per curiam). We have jurisdiction to review Nunez's claim that the sentence was unlawfullly imposed because it was based on erroneous factual findings. See Cervantes-Valenzuela, 931 F.2d at 28.
 
 
 4
 Here, pursuant to a plea agreement, Nunez pleaded guilty to a violation of 8 U.S.C. Sec. 1326(a), which carries a maximum statutory prison term of 24 months. The plea agreement provided that a 4-level upward adjustment pursuant to U.S.S.G. Sec. 2L1.2(b)(1) was appropriate because Nunez had been deported after being convicted of a felony. The district court, however, applied a 16-level upward adjustment pursuant to section 2L2.2(b)(2), as recommended by the presentence report, based upon the fact that Nunez's prior conviction was for an aggravated felony. This finding raised Nunez's Guidelines range from 15-21 months to 57-71 months. The district court sentenced Nunez to 24 months.
 
 
 5
 Nunez's sentence does not exceed the statutory maximum penalty for a violation of 8 U.S.C. Sec. 1326(a), and he concedes that it is within the range permitted by the Guidelines.[1] He contends, however, that the district court denied him the benefit of his plea agreement by imposing an upward adjustment pursuant to Sec. 2L1.2(b)(2) rather than (b)(1), and that it did so based on an erroneous finding that the plea agreement failed to reflect the fact that Nunez's prior conviction was for an aggravated felony. We have previously considered and rejected a similar argument. See Arias-Granados, 941 F.2d 996, 998-99 (where appellants who had pleaded guilty to violation of 8 U.S.C. Sec. 1326(a) pursuant to plea agreement had been warned that maximum sentences they could receive for that offense was 24 months and that sentences were controlled by the Guidelines, plea agreement did not preclude district court from applying upward adjustments pursuant to U.S.S.G. Sec. 2L1.2(b)(1) based on prior felony convictions). Further, as the plea agreement indicated, the district court was not bound by the government's sentencing recommendation. See Fed.R.Crim.P. 11(e)(B). Nunez does not claim that the government breached the plea agreement. There is no indication in the record that Nunez's sentence was imposed in violation of law or resulted from a misapplication of the Guidelines. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nunez does not allege that the sentence enhancement provisions of section 2L1.2(b) are inapplicable. Those provisions, which increase the base offense level for illegal reentry following deportation if the defendant was deported after being convicted of a felony, may be applied to enhance the sentence of a defendant who pleads guilty to simple rentry after deportation, provided the sentence does not exceed the statutory maximum sentence of 24 months for a violation of 8 U.S.C. Sec. 1326(a). See United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992); United States v. Arias-Granados, 941 F.2d 996, 998 (9th Cir.1991)
 Where, as here, the applicable Guidelines range exceeds the statutory maximum, the statutory maximum becomes the guideline sentence. U.S.S.G. Sec. 5G1.1(a). Here, the Guidelines range was 57-71 months and the statutory maximum was 24 months. Thus, the Guidelines sentence was 24 months.