17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Trinidad MORA-GARCIA, Defendant-Appellant.
 No. 93-50447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided Feb. 17, 1994.
 
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trinidad Mora-Garcia appeals his sentence of 24 months imprisonment imposed by the district court under the United States Sentencing Guidelines following his conviction by guilty plea for violating 8 U.S.C. Sec. 1326(a), being a deported alien found in the United States. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742, and we affirm.
 
 I. BACKGROUND
 
 3
 On January 6, 1993, Mora-Garcia was charged in federal court with violating 8 U.S.C. Sec. 1326(b)(2), being a deported alien found in the United States after conviction of an aggravated felony, which carries a maximum sentence of fifteen years. As part of a plea bargain, Mora-Garcia pled guilty to simple reentry after deportation under 8 U.S.C. Sec. 1326(a), thereby reducing his sentence exposure to two years. Pursuant to Section 2L1.2(b)(2) of the Sentencing Guidelines, which applies to deported aliens found in the U.S. after conviction of an aggravated felony, the district court enhanced Mora-Garcia's base offense level sixteen levels and sentenced him to the two year statutory maximum. Mora-Garcia challenges the sixteen-level enhancement, asserting that: 1) the existence of a prior aggravated felony is an element of 8 U.S.C. Sec. 1326(b)(2), and thus not a factor properly considered for enhancement purposes; and 2) he committed the crime of being found in the United States as a deported alien on July 1, 1991, before the November 1, 1991 amendment of Section 2L1.2, and thus application of the amended section violates the ex post facto clause.
 
 II. Discussion
 
 4
 We review the application of the Sentencing Guidelines de novo. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990). The district court's findings of fact for sentencing purposes are reviewed for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 5
 First, in United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991), we ruled that prior felony convictions could properly be used to enhance the sentences of defendants pleading guilty under Sec. 1326(a) to simple reentry after deportation. Arias-Granados controls our resolution of this issue. Mora-Garcia's argument that our subsequent rulings in United States v. Gonzalez-Medina, 976 F.2d 570 (9th Cir.1992), and United States v. Campos-Martinez, 976 F.2d 589 (9th Cir.1992), somehow undermine the holding of Arias-Granados is simply mistaken.
 
 
 6
 Second, we conclude that the district court did not violate the ex post facto clause in applying the amended Sec. 2L1.2(b)(2). Mora-Garcia asserts that he did not return to Mexico after he was arrested by the Border Patrol on July 1, 1991, so that he was not "found" for the first time on October 10, 1992, when he was arrested by the San Diego Police. Pursuant to Fed.R.Crim.P. 32(c)(3)(D), the district court found that Mora-Garcia voluntarily returned to Mexico on July 1, 1991.[1] There has been no showing that this finding is clearly erroneous, and thus we affirm the application of Sec. 2L1.2(b)(2).[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although here the district court made an express finding of fact, we note that the district court may satisfy Rule 32(c)(3)(D) by adopting the factual findings of the presentence report. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990)
 
 
 [2]
 Mora-Garcia also asserts that Sec. 1326 does not describe a "continuing offense," but an offense that occurs at the specific moment of discovery. We do not reach this issue, however, because it is only relevant in the absence of a finding that Mora-Garcia left the country on July 1, 1991