85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Martin Acosta CORONADO, Defendant-Appellee.
 No. 95-50180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Decided May 10, 1996.
 
 1
 Before: WALLACE, Chief Judge, and T.G. NELSON, Circuit Judge, and BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 BROWNING, District Judge:
 I.
 
 3
 Martin Acosta Coronado pled guilty to illegal reentry into the United States after deportation following conviction of a non-aggravated felony, in violation of 8 U.S.C. § 1326(b)(1). The district court sentenced him to thirty-seven months of incarceration. The Government appeals the sentence imposed.
 
 II.
 
 4
 After twice being deported from the United States, Acosta Coronado illegally reentered the United States and was apprehended in February 1994. It is undisputed that Acosta Coronado, a citizen of Mexico, had been convicted of two aggravated felonies prior to deportation. In March 1994, therefore, he was indicted for illegally reentering the United States after being convicted of two aggravated felonies prior to deportation, in violation of 8 U.S.C. § 1326(b)(2), an offense carrying a maximum penalty of fifteen years imprisonment.[1] Pursuant to a plea agreement, he subsequently pled guilty to a first superseding information charging him with violating 8 U.S.C. § 1326(b)(1), illegal reentry after deportation by a person previously convicted of a non-aggravated felony, an offense punishable by a maximum term of five years imprisonment.[2]
 
 
 5
 Under the terms of the agreement, the parties stipulated to the following applicable Sentencing Guideline factors:
 
 
 6
 The parties agree that pursuant to Sentencing Guideline § 2L1.2(a), the base offense level for the pending offense is 8. In addition, the government reserves its right to argue that your offense level should be increased 16 levels as a result of your having been previously deported after sustaining a conviction for an aggravated felony, pursuant to Sentencing Guideline § L1.2(b)(2).
 
 
 7
 Thus, the terms of the plea agreement authorized the Government to argue that the district court should consider Acosta Coronado's prior aggravated felony convictions in calculating his sentence.
 
 
 8
 In the presentence report, the probation officer determined that Acosta Coronado's offense level should be twenty-one by applying the following equation: a base offense level of eight pursuant to U.S.S.G. § 2L1.2 for his conviction under 8 U.S.C. § 1326(b)(1), increased by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(2) based on Acosta Coronado's two aggravated felony convictions prior to deportation, but decreased by three levels for acceptance of responsibility. This adjusted offense level of twenty-one was then indexed with Acosta Coronado's undisputed Criminal History Category of VI to arrive at a sentencing range without the plea agreement of 77-96 months. With the agreement, however, the probation officer concluded that Acosta Coronado faced a sentence of no more than sixty months (the statutory maximum based on his plea of guilty to violating § 1326(b)(1)).
 
 
 9
 On March 13, 1995, the district court sentenced Acosta Coronado to thirty-seven months imprisonment, instead of the sixty months recommended by the probation officer and the prosecutor. In arriving at that sentence, the district court pointedly refused to apply U.S.S.G. § 2L1.2(b)(2), reasoning that 8 U.S.C. § 1326(b)(1) expressly excludes consideration of a prior aggravated felony. To do otherwise, reasoned the district court, would be tantamount to allowing the Sentencing Guidelines to trump the statute. Instead, the district court applied U.S.S.G. § 2L1.2(b)(1), which mandates a four-level increase to the base offense level for persons convicted of illegal reentry with a prior non-aggravated felony conviction.
 
 
 10
 We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(2). We vacate the sentence imposed and remand to the district court for resentencing.
 
 III.
 A. Standard of Review
 
 11
 This court reviews de novo the legality of a sentence, as well as the district court's interpretation of the Sentencing Guidelines. United States v. Moreno-Hernandez, 48 F.3d 1112, 1114-15 (9th Cir.1995), cert. denied, --- U.S. ----, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995).
 
 B. Analysis
 
 12
 The Government argues that this case is controlled by our recent decision in United States v. Pena-Carrillo, 46 F.3d 879 (9th Cir.1995), cert. denied, --- U.S. ----, 115 S.Ct. 1990, 131 L.Ed.2d 876 (1995). We agree.
 
 
 13
 In Pena-Carrillo, the defendant pled guilty to a violation of 8 U.S.C. § 1326(b)(1), as did Acosta Coronado in the instant case. Nonetheless, the district court in Pena-Carrillo increased the defendant's base offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2 based on the defendant's prior conviction for an aggravated felony. We affirmed, holding that "[t]he clear language of the Sentencing Guidelines requires the sentencing court to increase the base offense by sixteen levels, if defendant was deported after conviction for an aggravated felony." Id. at 884 (emphasis added).
 
 
 14
 Pena-Carrillo relied heavily on United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991), in which we held that a defendant who pleads guilty to 8 U.S.C. § 1326(a)--simple illegal reentry after deportation--could have his base offense level increased by four levels pursuant to U.S.S.G. § 2L1.2(b)(1) based on his prior non-aggravated felony conviction. Id. at 998.
 
 
 15
 Acosta Coronado attempts to distinguish Pena-Carrillo by arguing that this court in Pena-Carrillo did not consider the statutory construction argument he raises here. He argues that the plain language of 8 U.S.C. § 1326(b)(1) expressly excludes consideration of an aggravated felony because § 1326(b)(1) is limited by its own language to non-aggravated felonies. Accordingly, he contends, to apply U.S.S.G. § 2L1.2(b)(1), which expressly requires an aggravated felony conviction, to a conviction pursuant to 8 U.S.C. § 1326(b)(1), which expressly excludes consideration of aggravated felony convictions, is to defeat Congress' intent.
 
 
 16
 Acosta Coronado's attempts to distinguish Pena-Carrillo are unpersuasive. Its facts cannot be meaningfully distinguished from the facts of the instant case. Moreover, this court in Arias-Granados expressly rejected virtually the same statutory construction argument Acosta Coronado makes here. 941 F.2d at 998. In not so many words, he is asking this court to ignore unambiguous, binding precedent. We reject his invitation.
 
 
 17
 The failure of the district court to follow Pena-Carrillo and increase Acosta Coronado's offense level by sixteen levels for his two prior aggravated felony convictions was improper. Accordingly, we vacate the sentence imposed and remand to the district court for resentencing in accordance with this disposition.
 
 
 18
 IT IS SO ORDERED.
 
 
 
 *
 Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 This section since has been amended to increase the maximum penalty to twenty years imprisonment. 8 U.S.C. § 1326(b)(2) (Supp.1995)
 
 
 [2]
 This section, too, has since been amended to increase the maximum penalty to ten years imprisonment. 8 U.S.C. § 1326(b)(1) (Supp.1995)