**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario MORENO–HERNANDEZ,**
**Defendant–Appellant.**

No. 94–50028.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1994.

Decided Feb. 15, 1995.

Robert E. Boyce, San Diego, CA, for defendant-appellant.

Steven A. Peak, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: SCHROEDER, FLETCHER and DAVID R. THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Mario Moreno–Hernandez appeals his sentence following his convictions for conspiracy to transport aliens, in violation of 18 U.S.C. § 371 (count 1); two counts of transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(B) (counts 2 and 3); and being an alien found in the United States after a felony conviction and subsequent deportation, in violation of 8 U.S.C. § 1326(b)(1) (count 4). He contends the district court improperly enhanced his sentence on count 4 based on the fact that he reentered the United States after having been deported following conviction of an aggravated felony. He contends this offense was neither charged nor proved at trial. He also challenges the district court's order that his previously concurrent sentences run consecutively. Finally, he argues that his sentences on counts 1–3 should be reduced because they exceed the United States Sentencing Guidelines (the guidelines) range applicable to those crimes.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTUAL BACKGROUND

Moreno–Hernandez was tried by a jury and convicted on all four counts. The district court originally sentenced him to 60 months imprisonment on each of counts 1–3, conspiracy to smuggle and smuggling illegal aliens; and 125 months on count 4, being an alien found in the United States after deportation following a felony conviction. The terms of imprisonment were to be served concurrently, and to be followed by a three-year term of supervised release on each count, also to run concurrently.

 Moreno–Hernandez appealed to this court, and we, in an unpublished opinion, affirmed his conviction but vacated his sentence and remanded his case to the district court for resentencing. *United States v. Moreno–Hernandez*, No. 92–50573, 1993 WL 280391 (9th Cir. July 26, 1993). We noted that, although Moreno–Hernandez had been deported after convictions for two aggravated felonies involving trafficking in narcotics, and thus could have been charged with violating 8 U.S.C. § 1326(b)(2), the indictment actually charged him only with violating 8 U.S.C. § 1326, with no reference to any subsection. He stipulated at trial only to deportation following a felony conviction, the government did not prove that felony was an aggravated felony, and the jury was not instructed on the added element of aggravation. In these circumstances, we concluded Moreno–Hernandez was convicted under section 1326(b)(1), reentry after deportation for committing a simple felony, and he could not be sentenced for a violation of that statute to a term of imprisonment in excess of that statute's five-year maximum.[1]

On remand, the district court resentenced Moreno–Hernandez to 60 months imprisonment for the violation of 8 U.S.C. § 1326(b)(1)—count 4—but, based on guidelines §§ 2L1.2(b)(2) and 5G1.2(d) (Nov. 1991), ordered his sentence on that count to be served consecutively to, rather than concurrently with, the 60-month concurrent sentences imposed on counts 1–3.[2] The total restructured period of incarceration was 120 months—a term substantially similar to the 125-month sentence we vacated on the first appeal.

## STANDARD OF REVIEW

 We review de novo the legality of a criminal sentence, as well as a district court's

by section 1326(a). *United States v. Campos–Martinez*, 976 F.2d 589 (9th Cir.1992). Similarly, if the government proves that the defendant was deported pursuant to a felony conviction, but fails to prove that conviction was for an aggravated felony, the defendant's maximum possible sentence is dictated by section 1326(b)(1), not section 1326(b)(2).

---

1. 8 U.S.C. § 1326 provides in pertinent part:
 (a) Subject to subsection (b) of this section, any alien who—
 (1) has been arrested and deported or excluded and deported, and thereafter
 (2) enters, attempts to enter, or is at any time found in, the United States ... shall be fined under Title 18, or imprisoned not more than two years, or both.
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
 (1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 5 years, or both; or
 (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 15 years, or both.
 We have held that the subsections of section 1326 "identify different crimes, the elements of which must be proven at trial and not simply at sentencing." *United States v. Gonzalez–Medina*, 976 F.2d 570, 571 (9th Cir.1992). Accordingly, when the government fails to prove at trial that the defendant had been deported subsequent to conviction for a felony, the defendant is subject only to the two-year maximum sentence provided

2. Section 2L1.2(b)(2) provides: "If the defendant previously was deported after a conviction for an aggravated felony, increase [the base offense level] by 16 levels." In Moreno–Hernandez's case, application of this provision to count 4 resulted in a base offense level of 24 and a guideline range of 100–125 months.

 Section 5G1.2(d) provides: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law." The district court applied this provision because the 100–125 month sentencing range computed under § 2L1.2(b)(2) exceeded the five-year maximum authorized by § 1326(b)(1).

interpretation of the Sentencing Guidelines. *United States v. Guzman–Bruno*, 27 F.3d 420, 422 (9th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 451, 130 L.Ed.2d 360 (1994); *United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994).

## DISCUSSION

**A. Sentence Enhancement under § 2L1.2(b)(2)**

■ Moreno–Hernandez contends the district court erred when it increased his offense level on count 4 pursuant to § 2L1.2(b)(2) of the guidelines, and sentenced him on that count to the five-year maximum provided by 8 U.S.C. § 1326(b)(1). He argues this was impermissible because the court accomplished indirectly by use of the guidelines what we prohibited in our prior decision. We disagree.

In our unpublished memorandum disposition in Moreno–Hernandez's first appeal, we decided only that, pursuant to our decisions in *United States v. Gonzalez–Medina*, 976 F.2d 570 (9th Cir.1992), and *United States v. Campos–Martinez*, 976 F.2d 589 (9th Cir. 1992), he had not been convicted on count 4 of violating section 1326(b)(2) because the government had not proved at trial a necessary element of that offense—namely, that he reentered the United States after deportation for commission of an aggravated felony. The government had successfully established at trial only that Moreno–Hernandez violated section 1326(b)(1) by reentering the United States after being deported following a simple felony conviction. His sentence on count 4 for the substantive offense of violating section 1326(b)(1), therefore, was limited by the five-year maximum prescribed by that statute. We did not suggest that the guidelines could not be used to enhance his sentence on count 4 up to the five-year maximum permitted by section 1326(b)(1) by taking into account his prior conviction of an aggravated felony.

Our decision in *United States v. Arias–Granados*, 941 F.2d 996 (9th Cir.1991), sup-ports the district court's sentence. In that case, the defendants, who had been charged with violating section 1326(b)(1), reentry following deportation for a felony conviction, pleaded guilty to one count of violating section 1326(a), simple reentry after deportation. Nonetheless, we held that the district court properly considered the defendants' prior felony convictions for purposes of sentence enhancement under USSG § 2L1.2(b)(1) to increase their sentences within the two-year maximum prescribed by 8 U.S.C. § 1326(a)(2).[3] *Id.* at 998. *Accord United States v. Pena–Carrillo*, 46 F.3d 879, 884–85 (9th Cir.1995) (finding enhancement of defendant's sentence under § 2L1.1(b)(2) appropriate even though he pleaded guilty only to a violation of section 1326(b)(1)).

Moreno–Hernandez attempts to distinguish *Arias–Granados* on the ground that there the defendants had notice of the greater charge, and chose to bargain it away. Here, he contends, because he effectively was charged only with violating section 1326(b)(1), he was not on notice that his prior aggravated felony conviction would figure into the calculation of his sentence. He argues this lack of notice violated his due process right to be notified of the crime for which he was to be prosecuted and sentenced.

■ We reject this argument. As we said in *Arias–Granados*, a defendant is charged with knowledge of the Sentencing Guidelines applicable to his crime, and the district court, in computing the proper sentence, is not precluded from looking to characteristics and conduct not encompassed within the elements of the crime of conviction. *Id.* at 998, 999.

**B. Imposition of Consecutive Sentences**

Moreno–Hernandez next argues that, even if the district court properly enhanced his sentence on count 4 up to the five-year maximum for a violation of 8 U.S.C. § 1326(b)(1), the court erred in requiring him to serve that

---

**3.** Section 2L1.2(b)(1), the sister provision to § 2L1.2(b)(2), provides that if a defendant was previously deported after conviction for a simple felony, his base offense level should be increased by 4 points.

five-year sentence consecutively to the five-year concurrent sentences imposed on counts 1–3. He contends the consecutive sentence on count 4 circumvented the purpose of our resentencing mandate by subjecting him to an overall sentence in excess of the five-year maximum prescribed for a violation of 8 U.S.C. § 1326(b)(1). He also contends that when the district court restructured his previously concurrent sentences to make one run consecutively to the others the court violated the Double Jeopardy Clause's prohibition against subsequent increases in punishment.

We first consider Moreno–Hernandez's double jeopardy argument.

### 1. Double Jeopardy

■ "It is well established that the double jeopardy clause prevents subsequent increases in punishment as well as repeated prosecutions." *United States v. Best,* 571 F.2d 484, 486 (9th Cir.1978). Based on this principle, we have held that, when resentencing after a Rule 35 motion, a district court "may not increase or make more severe the valid portions of the sentence originally imposed where ... service of the legal portions of the sentences has commenced." *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964); *see also United States v. Best,* 571 F.2d 484; (9th Cir.1978); *United States v. Jordan,* 895 F.2d 512, 515 (9th Cir.1989).[4] Our *Kennedy–Jordan* line of cases holds that, if "the concurrent running of the sentences first imposed [is] a valid portion of those sentences, [a] change thereof to consecutive running clearly increases [a defendant's] punishment" in violation of the Double Jeopardy Clause. *Kennedy v. United States,* 330 F.2d at 27–28. Moreno–Hernandez argues this principle applies not only in the Rule 35 context, but also whenever a defendant is resentenced pursuant to a mandate by an appellate court. We disagree.

"In *Kennedy,* we clearly distinguished cases concerning the district court's authority under Rule 35 from those concerning the district court's resentencing authority under an appellate mandate." *United States v. Jordan,* 895 F.2d 512, 514–15 (9th Cir.1989) (citing *Kennedy,* 330 F.2d at 29); *see also United States v. Caterino,* 29 F.3d 1390, 1396–97 (9th Cir.1994); *United States v. Clutterbuck,* 445 F.2d 839, 840 (9th Cir.1971). The "authority to vacate and amend a sentence [pursuant to Rule 35] extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed, even when they arose out of the same criminal transaction." *United States v. Minor,* 846 F.2d 1184, 1188 (9th Cir.1988).

■ A resentencing mandate from an appellate court, however, does away with the entire initial sentence, and authorizes the district court to impose "any sentence which could lawfully have been imposed originally." *Kennedy v. United States,* 330 F.2d at 29 (quoting *United States v. Chiarella,* 214 F.2d 838, 842 (2d Cir.1954)). In the latter case, double jeopardy is not implicated. A defendant has no legitimate expectation of finality in a sentence which he places in issue by direct appeal, so long as he has not completed serving the valid portion of the sentence. *United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir.1987).

Because, in this case, the district court resentenced Moreno–Hernandez in accordance with our mandate, and not pursuant to Rule 35, the court was free to reconsider the entire "sentencing package" and to restructure the sentences to run consecutively. *See United States v. Jenkins,* 884 F.2d 433, 441

**4.** When our *Kennedy–Jordan* line of cases was decided, Federal Rule of Criminal Procedure 35 provided only for conditions under which the district court could correct a sentence it imposed in an illegal manner. The successor to that provision appears today in Rule 35(c), which provides for correction of sentences by the sentencing court. Rule 35(a), on the other hand, governs correction of sentences determined on appeal to have been imposed unlawfully. As our discussion will illustrate, the *Kennedy–Jordan* line of cases is currently relevant only to resentencing pursuant to Rule 35(c). *See United States v. Portin,* 20 F.3d 1028, 1030 (9th Cir. 1994) (holding that "Rule 35(c), like the pre-guidelines versions of Rule 35 interpreted by our *Kennedy–Jordan* line of cases, authorizes the district court only to correct its sentencing errors"). All references to Rule 35 in this opinion refer to the old Rule 35 and to the current Rule 35(c), but not to Rule 35(a).

(9th Cir.1989) (noting that on remand after vacation of sentence, the district court should have an opportunity to reconsider the entire "sentencing package", not only the unlawful portion).

2. Effect of Resentencing Mandate

 The consecutive sentence imposed by the district court on count 4 makes Moreno–Hernandez's overall prison term 120 months. This not only exceeds the five-year maximum permitted by 8 U.S.C. § 1326(b)(1), it results in an overall sentence substantially the same length as the original sentence we vacated in the prior appeal. Moreno–Hernandez argues this frustrates the purpose of our resentencing mandate. We disagree.

The district court's resentencing order that the sentence on count 4 run consecutively to the concurrent sentences on counts 1–3 does not violate our remand. In that remand we did not limit the overall sentence the district court could impose, nor did we circumscribe the manner in which the court could apply the Sentencing Guidelines. We simply directed the district court to limit its sentence on count 4 to the five-year maximum prescribed by section 1326(b)(1).

 Moreno–Hernandez's argument that our previous remand precluded the district court from imposing a consecutive sentence completely ignores USSG § 5G1.2(d). That section is specifically designed to provide for consecutive sentences whenever, as was the case here, the sentencing range determined from the defendant's combined offense level exceeds the maximum sentence permitted on the count of conviction that carries the highest statutory maximum. *See United States v. Joetzki*, 952 F.2d 1090, 1097 (9th Cir.1991). Because Moreno–Hernandez had previously been deported after conviction for an aggravated felony, he was subject, under USSG § 2L1.2(b)(2), to an enhanced sentencing range of 100–125 months on count 4. The maximum possible sentence for that count, however, and for each of the other counts on

which Moreno–Hernandez was convicted, is only five years. The district court therefore acted within its authority in requiring Moreno–Hernandez to serve his sentence on count 4 consecutively to his sentences on counts 1–3. This resulted in an overall sentence of 120 months, which is within the 125–month upper limit of the guidelines range for count 4 when enhanced under USSG § 2L1.2(b)(2).

C. Calculation of Sentences on Counts 1–3

 Regardless of our resolution of the other issues, Moreno–Hernandez contends his overall sentence should be reduced because the 60–month concurrent terms which the district court imposed on counts 1–3 exceed the guidelines range applicable to those crimes.

As Moreno–Hernandez correctly points out, the district court specifically found an offense level of 13 applicable to counts 1–3.[5] With a criminal history category of VI, which the district court determined applied to Moreno–Hernandez, an offense level of 13 results in a sentencing range on these counts of 33–41 months. USSG Ch. 5, Part A (Sentencing Table). Had Moreno–Hernandez been convicted only of counts 1–3, his sentence would have been limited to a period within this range. However, Moreno–Hernandez was also convicted of count 4. His argument that the 60–month sentences he received on counts 1–3 exceed the applicable guidelines range for those crimes rests on the assumption that the guidelines range for a particular crime remains constant whether that crime is committed alone or in conjunction with other offenses.

 This assumption is incorrect. The guidelines provide a separate and elaborate scheme for sentencing defendants guilty of multiple counts. *See* USSG Ch. 3, Pt. D and Ch. 5, Pt. G. This scheme recognizes that any given offense, when committed along with other crimes, is more serious than the same offense committed alone. Under this scheme, the sentencing court is required

---

5. Counts 1–3 were grouped together under USSG § 3D1.2(b) because they were part of a common scheme or plan. The base offense level for these offenses is 9. *See* USSG §§ 2L1.1(a)(2), 3D1.3(a). The district court arrived at an adjust-

ed offense level of 13 by adding a 2–level enhancement for Moreno–Hernandez's role in the offense and another 2–level enhancement for his reckless endangerment of others during flight.

to "determin[e] a single offense level that encompasses all of the counts of which the defendant is convicted." USSG Ch. 3, Pt. D, introductory commentary. The offense level for each individual count is relevant only for purposes of calculating the combined offense level. *See* USSG Ch. 3. It is the combined offense level, not the offense level applicable to the individual counts, that is used to determine not only the total punishment but the appropriate sentence for each count. *See* USSG § 5G1.2, commentary (explaining that the total punishment is "determined by the adjusted combined offense level" and that "[t]o the extent possible, the total punishment is to be imposed on each count"). Thus, when a defendant is found guilty of multiple offenses, the guidelines range for each offense rises relative to the seriousness of all his crimes combined.

Moreno–Hernandez's adjusted combined offense level is 24, not 13.[6] With a criminal history category of VI, a combined offense level of 24 yields a sentencing range of 100–125 months. *See* USSG Ch. 5, Pt. A (Sentencing Table). To the extent possible, the district court was required to impose a sentence within that range on each of counts 1–4. This was not possible, however, because the statutory maximum for each of the counts is five years. The district court, therefore, properly sentenced Moreno–Hernandez to 60 months on each of counts 1–3, to run concurrently with one another, and 60 months on count 4 to run consecutively to the concurrent sentences on counts 1–3. *See United States v. Newsome*, 998 F.2d 1571, 1579–80 (11th Cir.1993) (approving a 120–month term of imprisonment on a firearm possession charge, the statutory maximum for that crime, even though the sentence exceeded the guideline range for that crime alone, because the combined offense level yielded a total punishment, applicable to each count, of 292 months), *cert. denied*, —— U.S. ——, 114 S.Ct. 734, 126 L.Ed.2d 698 (1994); *United States v. Analla*, 975 F.2d 119, 127–28

(4th Cir.1992) (approving imposition of the statutory maximum sentences on counts of robbery and assault, even though the sentences exceeded the guidelines ranges for those crimes when committed alone, because the combined offense level, which took account of the defendant's guilt on a separate murder count, resulted in a guidelines range of life imprisonment for each count), *cert. denied*, —— U.S. ——, 113 S.Ct. 1853, 123 L.Ed.2d 476 (1993).

AFFIRMED.

---

**6.** Under USSG § 3D1.4(c), Moreno–Hernandez's combined offense level is the offense level applicable to the count with the highest individual offense level. We have already explained that the offense level on count 4, with the enhancement required by USSG § 2L1.2(b)(2), is 24.

Because the offense level on counts 1–3 is 13, the combined offense level on all the counts is 24.