70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald GOBERT, Defendant-Appellant.
 No. 95-50153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Gobert appeals his 175-month sentence following resentencing by the district court. Gobert contends that the district court erred by improperly calculating his sentence in compliance with this court's remand order and that the district judge should recuse herself from resentencing on remand. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's interpretation and application of the sentencing guidelines, United States v. Oliver, 60 F.2d 547, 554 (9th Cir.1995), and affirm.
 
 
 3
 The Sentencing Guidelines provide a scheme for sentencing defendants to multiple counts. "Under this scheme, the sentencing court is required to 'determin[e] a single offense level that encompasses all of the counts which the defendant is convicted.' " United States v. Moreno-Hernandez, 48 F.3d 1112, 1117-18 (9th Cir.), cert. denied, 115 S.Ct. 2598 (1995) (quoting U.S.S.G. Ch. 3, Pt. D, introductory comment.); United States v. Joetzki, 952 F.2d 1090, 1097 (9th Cir.1991). "The offense level for each individual count is relevant only for purposes of calculating the combined offense level." Moreno-Hernandez, 48 F.3d at 1118. The combined offense level "is used to determine not only the total punishment but the appropriate sentence for each count." Moreno-Hernandez, 48 F.3d at 1118; U.S.S.G. Sec. 5G1.2, comment. "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently...." U.S.S.G. Sec. 5G1.2(c).
 
 
 4
 Here, Gobert was charged with conspiracy to commit armed bank robbery in violation of 18 U.S.C. Sec. 371 (Count I); the use of firearm during and in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c) (Count II); and possession of stolen travelers checks, in violation 18 U.S.C. Sec. 2113(c) (Count III). The district court resentenced Gobert on Counts I and III. Gobert's criminal history category VI combined with his combined offense level of 23 allows a sentencing range of 92-115 months.
 
 
 5
 The combined offense level applies to all counts in determining the sentence. See U.S.S.G. Sec. 5G1.2, comment.; Moreno-Hernandez, 48 F.3d at 1118. The district court correctly calculated the combined offense level for Counts I and III to be 23. See U.S.S.G. Secs. 3B3.1, 2X1.1, and 3D1.4(c); United States v. Napier, 21 F.3d 354, 355 (9th Cir.1994) (court can upwardly adjust the defendant's offense level for bank robbery by the amount of money stolen). Count III had a statutory maximum that was adequate to permit the total punishment as the sentence under that count. See U.S.S.G. Sec. 5G1.2, comment.; Moreno-Hernandez, 48 F.3d at 1118. The district court properly sentenced Gobert to 115 months on Count III and 60 months on Count I to run concurrently.[1] See Moreno-Hernandez, 48 F.3d at 1118.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since the district court's resentencing is affirmed it is not necessary to address Gobert's recusal issue