**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Howard HANDA, Defendant–Appellee.**

No. 96–16468.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1997.

Decided March 26, 1997.

---

Louis A. Bracco, Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellant.

Sharon G. Kramer, Chicago, Illinois, for defendant-appellee.

Before: JOHN T. NOONAN, Jr. and O'SCANNLAIN, Circuit Judges, and RHOADES, * District Judge.

* Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of

## OPINION

JOHN T. NOONAN, Jr., Circuit Judge:

The United States appeals the refusal of the district court to resentence Howard Handa after his conviction and sentence for violation of 18 U.S.C. § 924(c)(1) was vacated. We vacate the sentence imposed by the district court and remand for resentencing.

### PROCEEDINGS

On May 17, 1990 Handa was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirmed his convictions in an unpublished memorandum of September 9, 1991. Following the decision of the United States Supreme Court in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Handa brought a petition under 28 U.S.C. § 2255 to correct his sentence for use of a firearm. The government agreed that his conviction and sentence on that count had to be vacated, and the district court vacated that conviction and sentence. At the same time the government sought resentencing as to Handa's conviction for violation of 21 U.S.C. § 841(a)(1). Citing relevant circuit precedents, the district court held that it had no authority to increase the sentence on the remaining count when one count was vacated pursuant to a Rule 35(c) motion. The court reasoned that, as to the correction of a sentence, motions under Rule 35 and petitions under § 2255 are interchangeable. *See, e.g., United States v. Fowler,* 794 F.2d 1446, 1448 (9th Cir.1986). Lacking the power to resentence, the district court declined to do so. The government appeals.

### ANALYSIS

In the clearest possible language we have held:

[A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow

California, sitting by designation.

either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35. *United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988). *Accord, United States v. Lewis,* 862 F.2d 748, 750–51 (9th Cir.1988). The government attempts to distinguish *Minor* on the grounds that the case was pre-*Bailey* and pre-Sentencing Guidelines. Neither distinction is effective. Neither *Bailey* nor the Sentencing Guidelines enlarged the jurisdiction of the district court under § 2255. The government also seeks to distinguish *Minor* on the basis that § 2255 was not considered. But since the government does not challenge that Rule 35 and § 2255 are interchangeable, *Fowler,* 794 F.2d at 1448, and *Minor* did consider Rule 35, in effect *Minor* considered § 2255. Consequently, in this circuit we are not in a position to adopt the solution favored in the Fourth and Seventh Circuits. *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997); *United States v. Smith* 103 F.3d 531 (7th Cir.1996).

We do, however, have statutory authority to modify or vacate any judgment lawfully brought before this court for review and to remand for appropriate proceedings. 28 U.S.C. § 2106; *United States v. Lopez,* 100 F.3d 98, 102 (9th Cir.1996). We exercise that authority to vacate Handa's entire sentence and to remand for resentencing. In resentencing, the district court may take into account that, without the conviction for use of a firearm, Handa is eligible for a sentencing enhancement under Sentencing Guidelines § 2D1.1. *Lopez,* 100 F.3d at 102.

To avoid unnecessary formalism, any appellate court in this circuit vacating a conviction under *Bailey* or acting under similar circumstances may exercise this power to vacate the entire sentence so that the district court will be free to restructure the sentencing package according to the appropriate section of the Guidelines. *See United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116 (9th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995).

Handa argues earnestly that resentencing under the Guidelines after he has prevailed in setting aside the firearms count

of conviction is unfair. That view of the matter goes too far in treating sentencing as a kind of game. The facts are that at the time of his arrest Handa had in his car a gun. Although the gun was without ammunition, this forbidden possession put him at the risk of sentencing enhancement when he was convicted of the drug offense. The enhancement was only blocked by the separate conviction and sentence on the gun charge. The removal of the gun conviction and sentence puts him back in the situation he was in under the law at the time of his arrest. We have already held that resentencing of this kind does not constitute double jeopardy. *Moreno–Hernandez,* 48 F.3d at 1116. There is, therefore, no constitutional barrier to the district court imposing a sentence, and no unfairness in imposing a sentence that the Guidelines make appropriate for Handa's conduct.

Handa's sentence is **VACATED**, the case is **REMANDED** for resentencing.