UNITED STATES of America, Plaintiffs,

v.

Robert G. RUTZ, Defendant.

No. CR–90–0338–EFL.
No. C–95–4386–EFL.

United States District Court,
N.D. California.

May 15, 1997.

Jeffrey Bornstein, Assistant U.S. Attorney, San Francisco, CA, for Plaintiff.

Elaine Morinelli, Morinelli & Lieberman, Oakland, CA, for Defendant.

LYNCH, District Judge.

I. Introduction

The Court must decide whether, pursuant to federal habeas corpus jurisdiction, it may vacate an improper conviction and re-sentence a defendant to include an enhancement to the offense level previously unavailable by effect of the now-vacated count. The answer, in this case, is as plain as it appears. Section 2255 of Title 28, the federal habeas statute, confers authority for the Court to

vacate defendant's gun conviction and re-sentences him to include a two-point guide-line enhancement for the presence of a fire-arm during a drug offense.

## II. Facts

In 1990, the grand jury returned a three-count indictment charging defendant Robert Rutz with possession of cocaine with the intent to distribute and conspiracy to distrib-ute cocaine in violation of Title 21, sections 841(a)(1) and 846, respectively. The third count charged the use of a firearm in connec-tion with the drug crime in violation of 18 U.S.C. § 924(c). Less than a year later, a jury convicted defendant on all counts.

The Court, pursuant to the United States Sentencing Guidelines, sentenced Mr. Rutz to 123 months of imprisonment. The Court found that the appropriate offense level for the first two counts was 25 and Mr. Rutz had a Category Two criminal history. The appli-cable range for the first and second count, therefore, was 63–78 months. The Court sentenced Mr. Rutz to 63 months. The Court, pursuant to statute, added 60 months to the Guideline calculation for the gun count. If the government had not charged the gun count, the Court would have had to increase the term of incarceration for the first two counts by approximately 30 months or two offense levels—to account for the presence of a gun during the drug offenses. *See* U.S.S.G. 2D1.1 (1990). The Guidelines, however, required that the Court forego the gun enhancement and impose an additional and distinct 60 months of incarceration for the § 924(c) conviction. *See* U.S.S.G. § 2K2.4.

The Ninth Circuit affirmed the conviction and sentence in an unpublished memoran-dum.

Subsequently, the U.S. Supreme Court held that a conviction for a § 924(c) violation is appropriate only if the government estab-lishes that the defendant "actively employed" a firearm during a drug crime. *Bailey v. United States*, —— U.S. ——, ——, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). Rutz ac-cordingly asked this Court to vacate his con-viction on the gun charge because the gov-ernment failed to establish this fact at his trial.

The parties eventually agreed that defen-dant's § 924(c) conviction should be vacated. The government argued, though, that the Court should re-sentence Mr. Rutz. The par-ties then stipulated that the appropriate rem-edy was to vacate the gun conviction effec-tively reducing the sentence by 60 months. The Court was asked then to re-calculate the sentence by adding two points to the offense level because of the presence of the gun during the drug offense. The Guidelines then would authorize a sentence between 78 and 97 months. The parties agreed that 97 months would be appropriate. On the eve of the hearing to resolve the § 2255 action, however, the government noted that recent Ninth Circuit authority may prevent imple-mentation of the agreed resolution. The Court accepts the parties' agreement and, because it finds the holding of *United States v. Handa*, 110 F.3d 42 (9th Cir.1997) inappo-site, re-sentences defendant.

## III. Legal Analysis

■ The Court's analysis begins with the statute authorizing collateral review of feder-al convictions and sentences. As stated in § 2255:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law …, the court shall vacate and set the judgment aside and shall discharge the prisoner *or resentence him* or grant a new trial *or correct the sentence as may appear appropriate.*

(Emphasis added.) In so stating, Congress unequivocally has granted district judges au-thority to vacate a conviction and resentence a prisoner in light of the new circumstances. Any view to the contrary is plainly wrong.

The Fourth Circuit recently held that a district court has authority to vacate one or more counts of a multi-count conviction and re-sentence the prisoner in light of the cir-cumstances that prevail after vacatur. In *United States v. Hillary*, 106 F.3d 1170 (4th Cir.1997), a jury convicted the defendant of a drug crime and the use of a gun during the drug offense. The court sentenced the de-

fendant to 78 months on the drug charge and a consecutive 60 months for the gun count. *Id.* at 1170. Following *Bailey* and pursuant to § 2255, the district court vacated the gun conviction because the government had not proven that the defendant actively used the gun during the drug crime. The district judge, however, refused to re-calculate the defendant's sentence on the drug charge because it found no such authority in § 2255. *Id.* at 1171.

■ The circuit court held that, indeed, an order resentencing the defendant was well within the district judge's authority. Section 2255, the court reasoned, "confers a broad and flexible power to the district courts to fashion an appropriate remedy." *Id.* (internal quotations and citation omitted). In *Bailey* cases, a defendant's § 2255 motion must be construed as an attack on his sentence in the aggregate. A district court vacating one count of a multi-count conviction may re-sentence the defendant as appropriate on the undischarged counts as long as he is put in circumstances no worse than that which prevailed before the error was corrected. *Id.* at 1172–73.

■ The Court finds this reasoning persuasive and the holding sound. Section 2255 expressly directs the district court to "correct the sentence as may be appropriate" upon a finding of error. This Court imposed one aggregate sentence upon Mr. Rutz. The defendant challenged this sentence and error was found. Under § 2255, the Court may apply an appropriate remedy. The Court finds among appropriate remedies re-sentencing the defendant by removing the 60–month term for the improper § 924(c) conviction but re-calculating the Guideline term to include the two-point enhancement to ac-

count for the presence of the gun during the offense.

The government reads *United States v. Handa*, 110 F.3d 42 (9th Cir.1997), to hold that § 2255 does not authorize a district judge, following vacatur of one or more counts, to re-sentence a defendant on remaining counts. The supposed *Handa* holding, however, is based on the premise that § 2255 and Rule 35 of federal criminal procedure [1] provide equal authority to the district court. *Id.* The circuit reasoned that district judges have no inherent power to re-sentence a defendant on counts remaining after vacatur and Rule 35 does not authorize re-sentencing. Because Rule 35 and § 2255 are interchangeable, § 2255 similarly provides no such authority.

Rule 35 and § 2255 may be interchangeable for some purposes. *See, e.g., United States v. Fowler,* 794 F.2d 1446, 1449 (9th Cir.1986) (both old Rule 35 and § 2255 allow defendant to challenge legality of sentence). Indeed the rule and the statute each give a defendant similar access to argue that her sentence is illegal. The district judge's authority to correct the error, however, varies greatly. *See, e.g., United States v. Eatinger,* 902 F.2d 1383, 1384–85 (9th Cir.1990) (section 2255, unlike post–1988 Rule 35, allows district judge to correct legal error and re-sentence defendant). Under Rule 35, a district court's authority is limited to correcting a sentence upon remand, motion of the government for substantial assistance, or a showing of clear error made within seven days of imposition of sentence. Fed. R.Crim.P. 35. Section 2255 expressly allows the district court at any time and upon a finding of legal error to vacate a judgment or sentence and order a new trial, order the defendant's release, re-sentence the defen-

---

**1.** Rule 35, correction or Reduction of Sentence, reads:

(a) **Correction of a Sentence on Remand.** The court shall correct a sentence that is determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court. . . .

(b) **Reduction of Sentence for Changed Circumstances.** The court, on motion of the Gov-

ernment made within one year of imposition of sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. . . .

(c) **Correction of Sentence by Sentencing Court.** The court, acting within 7 days after imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

dant, or take any action appropriate to correct the error.

Section 2255, in other words, provides authority for the district court, upon motion by a defendant in custody, to recognize and correct its own error at any time. *See United States v. Eatinger, supra.* Rule 35 provides no such authority. To the extent relevant in this case, § 2255 and Rule 35 are not at all interchangeable. As a result, the Court applies § 2255 and corrects its error notwithstanding the *Handa* holding.

■ This is not to say that § 2255 grants district judges broad authority to restructure entirely a defendant's sentence following every vacatur. *See United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988); *cf. United States v. Smith,* 103 F.3d 531 (7th Cir. 1996) (section 2255 allows district court to reopen all issues related to sentencing following vacatur of one count of multi-count conviction). Nor is it to say that a district judge may vacate a conviction on one count and increase the sentence on the remaining counts simply to carry out its original intent on sentencing. *See, United States v. Minor,* 846 F.2d at 1189 (and cases cited therein). When a defendant wins vacatur of one or more but not all counts of a multi-count conviction and the former sentence for the remaining counts was affected by the presence of the vacated count, the court may re-sentence the defendant as if the vacated count were never in the case. Neither inherent power nor the judge's original sentencing intent controls. Section 2255 controls and it plainly authorizes any appropriate remedy to correct an error.

Defendant Rutz, like federal prisoners across the land, has come before the court that sentenced him and asked it to correct an error made manifest by the Supreme Court's *Bailey* ruling. Section 2255 is the vehicle by which the defendant enters the court. Section 2255 is also the vehicle by which the court recognizes and corrects its error. If the Court were to recognize *Handa* for the proposition advocated by the government, it would have to turn a blind eye to the language of the statute and *Eatinger*—binding authority on point and not refuted in *Handa*. The Court cannot countenance such a result.

A statute's plain language must be read for what it says; a court is not free to put form over substance in a desperate effort to reconcile clearly distinguishable authority and statutory dictates plain by their terms.

The Court originally determined Mr. Rutz's sentence by figuring his criminal history category and the offense level under the Sentencing Guidelines. The Court determined that he had a Category Two criminal history. The Court also determined that the offense level for the two drug counts was 25. The Court would have added two points because the government established that Mr. Rutz possessed a gun in relation to the drug offenses. The two points were not added, however, because Mr. Rutz was convicted of the separate offense of carrying a gun during a drug offense. Consistent with the Guidelines, the Court instead left stand the offense level of 25 and added 60 months for the § 924(c) count.

The Court finds now that Mr. Rutz's conviction on the § 924(c) was illegal. Therefore, the Court vacates that conviction. Because vacatur has an impact on the proper sentence pursuant to the Guidelines, the Court re-sentences Mr. Rutz by taking the original offense level for the drug crimes, i.e., 25, and adding two points for possessing a gun during a drug offense. No other changes can be made because no other circumstances are affected by the vacatur. The resulting offense level is 26 and the Criminal History category remains Two. The Guideline range for Mr. Rutz is now 78 to 97 months.

The parties have stipulated that 97 months is an appropriate term in this case. The Court agrees and, therefore, orders that Mr. Rutz be re-sentenced to 97 months of incarceration.

## IV.   Conclusion

For the above stated reasons, the Court hereby GRANTS defendant's motion to correct his sentence. The Court hereby VACATES defendant's conviction for carrying a gun in connection with a drug offense in violation of 18 U.S.C. § 924(c). The Court accordingly VACATES the sentence previ-

ously imposed. The Court RE–SEN-TENCES defendant to 97 months of incarceration on the remaining drug offenses. The Court further RE–IMPOSES a four-year term of supervised release under the same terms and conditions imposed in the original judgment.

IT IS SO ORDERED.