UNITED STATES of America,

v.

Robert Lee GILBERT.

No. 94–19–Cr–J–20.

United States District Court,
M.D. Florida,
Jacksonville Division.

June 17, 1997.

Robert Lee Gilbert, Marianna, FL, pro se.

Mark Devereaux, U.S. Attorney's Office, Middle District of Fla., Jacksonville, FL, for U.S.

### ORDER

SCHLESINGER, District Judge.

This cause is before the Court on Defendant Robert Lee Gilbert's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255 (Doc. No. 123) and the United States' Response thereto (Doc. No. 126). In its response, the Government concedes that Defendant's conviction and sentence under Count Three, imposed for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), should be vacated in light of the subsequent Supreme Court ruling in

*Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and that the sixty month sentence imposed for that count should be set aside. *Id.* The United States argues, however, that the Court should *correct* Defendant's sentence under Count One, possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), to provide for a two-level enhancement for possession of a dangerous weapon during commission of a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). Because Defendant did not address the latter issue in his Motion under § 2255, the Court directed Defendant to file a reply to the United States' response, which Defendant did. Doc. No. 130.

Defendant Robert Lee Gilbert entered guilty pleas to two counts of a four-count indictment: Count One charged Defendant with conspiracy to distribute and possession with intent to distribute five grams or more of cocaine base on or about December 6, 1993 in violation of 21 U.S.C. § 841(a)(1). Count Three charged Gilbert with knowingly using or carrying a firearm during and in relation to a drug-trafficking crime on or about December 5, 1993, in violation of 18 U.S.C. § 924(c). Gilbert was sentenced on August 30, 1994 to serve sixty-three months' imprisonment as to Count One and sixty months' imprisonment as to Count Three, to run consecutive to the sixty-three month sentence imposed as to Count One, to be followed by a five-year term of supervised release on Count One and concurrent three-year term of supervised release as to Count Three. Doc. No. 107. At the present time, Gilbert has served approximately thirty-three months of his sixty-three month sentence on the drug conviction, Count One. He has not yet served any of his sentence under Count Three, which was to run consecutive to the sentence in Count One.

The factual basis of Defendant's plea agreement states that on December 6, 1993, Jacksonville Sheriff's Officers executed a search warrant of a residence leased by co-defendant Janice Payne. At the time of the search, Defendant was present in the residence along with Payne and others. During the search of the residence, the officers seized approximately 31 grams of what was later determined to be cocaine base (crack cocaine). Defendant was in the process of cutting crack cocaine into distribution amounts at the time the warrant was executed. In addition to the crack cocaine, the officers seized a firearm that they found in open view on top of the bed in the back bedroom occupied by Gilbert. Officers had seized a portion of the crack cocaine from the same bedroom. The firearm was a loaded Rossi .38 caliber revolver, serial number W216918. Doc. No. 88.

As indicated, the United States concedes that the evidence of record does not support the "active employment" requirement of a firearm under 18 U.S.C. § 924(c) required under the Supreme Court's decision in *Bailey,* because the evidence merely established that a firearm was located in open view in a room with a quantity of crack cocaine. The Court agrees, and finds that Defendant's conviction in Count Three must be vacated.

■ Defendant's § 2255 Motion raises an issue not yet decided by the United States Court of Appeals for the Eleventh Circuit: whether a district court may apply the § 2D1.1(b)(1) enhancement to a defendant who successfully challenges a § 924(c) conviction, and that conviction is vacated as a result of a collateral challenge under 28 U.S.C. § 2255. The Eleventh Circuit has held that where the defendant successfully challenges one of his sentences on *direct appeal,* the district court may alter the entire sentencing package. The court of appeals reasoned that on direct appeal, none of the sentences has become final and appellate court has all sentences before it. "Sentencing on a multi-count conviction is an interrelated and intertwined process because of the statutory provisions for concurrent and consecutive sentences.... Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior. *When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing.*" *United States v. Rosen,* 764 F.2d 763, 767 (11th Cir.1985) (emphasis supplied), *cert.*

denied, 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986). The court distinguished a collateral attack, where the power of the court to modify unchallenged sentences may be more limited because "only a specific count is before the district court ... The court has power only over what is brought before it." *Id.* at 766.

Two district courts in this circuit, however, have held that the district court has authority and jurisdiction to resentence a defendant on unchallenged drug offenses after a successful collateral attack and to apply the two-level enhancement for possession of a dangerous weapon. *See United States v. Oliver,* 941 F.Supp. 1109, 1118–19 (M.D.Ala.1996) (noting that its holding is consistent with the "holistic nature of sentencing and is necessary to ensure that the punishment meets the Defendant's crimes. When the Defendant's § 924(c)(1) conviction was vacated, the prior sentencing package fell apart, and now the court must put it back together."); *Mixon v. United States,* 926 F.Supp. 178, 180 (S.D.Ala.1996) (when defendant challenged his sentence, he challenged "the entire sentencing package and not just the gun sentences. Such a challenge worked as a waiver of any expectation of finality in his sentence.")

At the time Gilbert filed his § 2255 motion, few courts of appeals had ruled on this precise issue. *See Mixon,* 926 F.Supp. at 179. Very recently, however, several decisions have come down from the circuit courts. Every court of appeals to have considered the issue has approved application of the § 2D1.1(b)(1) enhancement to a defendant who has secured reversal of a § 924(c) conviction under § 2255. The reasoning has varied. *United States v. Morris,* 116 F.3d 501, 504–05 (D.C.Cir.1997) (interdependence and mutual exclusivity of § 924(c) sentence and § 841 enhancement means that terms of imprisonment imposed under both constitute a single "sentence"); *United States v. Harrison,* 113 F.3d 135, 137–38 (8th Cir. 1997) (same); *United States v. Davis,* 112 F.3d 118, 121 (3rd Cir. 1997) (same); *United States v. Rodriguez,* 114 F.3d 46, 48 (5th Cir. 1997) (court authorized by § 2255 to impose "correct" sentence); *United States v. Rodri-*

*guez,* 112 F.3d 26, 29–30 (1st Cir. 1997) (finding that "sentencing package" doctrine makes it "appropriate" to modify sentences related to the one challenged under § 2255); *United States v. Smith,* 103 F.3d 531, 534 (7th Cir.1996) (same); *United States v. Handa,* 110 F.3d 42, 44 (9th Cir.1997) (finding that § 2106 gives authority in a § 2255 case for remanding for resentencing); *United States v. Hillary,* 106 F.3d 1170, 1171 (4th Cir.1997) (plain language of § 2255 does not restrict word "sentence" to a particular sentence and that § 2255 gives court broad powers to resentence as may be "appropriate"). As the *Morris* court noted in reviewing the decisions of the other courts of appeals, "the uniformity of result suggests the implausibility of any other outcome." 116 F.3d at 505.

Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides that if a dangerous weapon including a firearm, was possessed during the commission of the offense, two offense levels are added. The Presentence Investigation Report (PSR) clearly indicates that the § 2D1.1(b)(1) enhancement would have applied in this case, however, it noted that because "the defendant is charged in Count Three with Carrying a Firearm in Relation to a Drug Trafficking Crime, this specific offense characteristic does not apply to avoid double counting." PSR at 3, ¶ 12 (citing USSG § 2K2.4, comment. (n. 2)).

The Court finds that the interdependence and mutual exclusivity of § 924(c) sentence and the § 2D1.1(b)(1) enhancement means that terms of imprisonment imposed under both constitute a single "sentence" for purposes of § 2255. The Court agrees with the reasoning of the D.C. Circuit on this issue:

If there is a conviction under the § 924(c), there is a mandatory five-year term and an equally mandatory block on any § 2D1.1(b)(1) enhancement. Remove the § 924(c) conviction, and the block disappears, bringing the mandatory § 2D1.1(b)(1) enhancement into play. Under these circumstances, § 2255's grant of power to the court to "correct the sentence as may be appropriate" necessarily includes the power to apply the § 2D1.1(b)(1) enhancement at the same

time as it removes the hitherto blocking § 924(c) conviction.

*Morris,* 116 F.3d at 504.

Accordingly, it is

ORDERED AND ADJUDGED:

(1) Defendant Robert Lee Gilbert's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255 (Doc. No. 123) is **GRANTED;**

(2) The Judgment of August 30, 1994, (Doc. No. 107) is **VACATED IN PART,** in that: Robert Lee Gilbert's conviction under 18 U.S.C. § 924(c)(1) is **VACATED** and the sentence imposed for Count Three of a term of 60 months imprisonment and a three (3) year term of supervised release is **SET ASIDE;** and

(3) Pursuant to the Government's request in its response to Defendant's § 2255 motion, the Court will reconsider the sentence imposed on Robert Lee Gilbert for his remaining unchallenged conviction under Count One, and will determine if a two-level enhancement is warranted under USSG § 2D1.1(b)(1). The Court will issue a separate Order in the underlying criminal action scheduling a hearing on the resentencing.