**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Yiu Wing CHOI, Defendant–Appellant.**

No. 01–10078.
D.C. No. CR–99–00263–1–KJD.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Yiu Wing Choi appeals his resentencing after remand following a guilty plea conviction to one count of bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

■ Choi contends that the district court erred by failing to consider his request for termination of supervised release upon payment of restitution.

■ In this circuit, an unlimited remand for resentencing permits the district court to "consider any matter relevant to the sentencing" and the district court generally may review the sentence de novo. *United States v. Ponce*, 51 F.3d 820, 826

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(9th Cir.1995) (per curiam); *see also United States v. Caterino,* 29 F.3d 1390, 1394–95 (9th Cir.1994) (concluding that in absence of clear evidence to the contrary, defendant's entire sentence was vacated and all sentencing issues were open to re-argument following remand), *overruled on other grounds by Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116 (9th Cir.1995) (stating that resentencing mandate from appellate court does away with the entire initial sentence and authorizes the district court to impose any sentence which could lawfully have been imposed originally).

We therefore reverse and remand to the district court for the limited purpose of reconsideration of Choi's supervised release term.

**REVERSED AND REMANDED.**