**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30100 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00158-DCN-3 |
| v. | |
| HARLAN HALE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted March 11, 2022[**]
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Harlan Hale appeals his sentence following his guilty plea to conspiracy to

participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) ("Count

1") and attempted murder and assault with a dangerous weapon in aid of

racketeering in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), and 18 U.S.C. § 2

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("Count 2"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Hale argues that the district court improperly calculated his sentencing range under the United States Sentencing Guidelines. We disagree. The district court properly applied Section 3D1.1, which governs the total offense level calculation when a defendant is convicted of multiple counts. Under Section 3D1.1, the district court correctly began with the "highest offense level" between the counts of conviction. U.S.S.G. §§ 3D1.1, 3D1.3, 3D1.4. In Hale's case, that was Count 2, which had an adjusted offense level of 43, compared to Count 1's adjusted offense level of 36. The district court then properly adjusted the resulting offense level, which for Hale included one unit for Count 2 and one-half unit for Count 1, resulting in a one-level increase. *See* U.S.S.G. § 3D1.4. The district court reduced the offense level by three to give Hale credit for acceptance of responsibility under Section 3E1.1, resulting in a total adjusted offense level of 41. Applying Hale's criminal history category of VI, which he does not dispute, the total Guidelines sentence range was 360 months to life imprisonment. *See* U.S.S.G. § 5A.

Because Hale's two sentences could run concurrently, the district court then determined the total punishment to be imposed on both counts to the extent permitted by law. U.S.S.G. § 5G1.2(b). Considering the total Guidelines range as well as each count's statutory maximum—life imprisonment for Count 1 and 20

2

years for Count 2—the district court imposed a life sentence for Count 1 and a 20-year sentence for Count 2 to run concurrently.  U.S.S.G. § 5G1.2(c).

Hale cites no support for his argument that the district court should have begun its calculation with the *lower* offense level from Count 1 because it carries a higher statutory maximum than Count 2.  *See* U.S.S.G. § 3D1.4.  "When sentencing on multiple counts of conviction, the total sentence imposed may be greater than the statutory maximum for a particular count."  *United States v. Temkin*, 797 F.3d 682, 695 n.5 (9th Cir. 2015).  As we have clarified, "[t]he [G]uidelines provide a separate and elaborate scheme for sentencing defendants guilty of multiple counts," recognizing that "any given offense, when committed along with other crimes, is more serious than the same offense committed alone." *United States v. Moreno-Hernandez*, 48 F.3d 1112, 1117 (9th Cir. 1995).  It was therefore proper for the district court to consider both counts when calculating Hale's sentence.

2.      Hale also argues that the district court failed to adequately explain his sentence.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007) (listing "failing to adequately explain the chosen sentence" as a procedural error for review).  To the contrary, the district court considered the statutory maximums and individual Guidelines ranges for Hale's two offenses, heard arguments from both sides, explained its calculation of the combined offense level and Guidelines range,

analyzed the factors under 18 U.S.C. § 3553(a) that justified imposing the maximum sentence permitted by law, and explained its reasons for Hale's sentence. *See id.* "At bottom, the sentencing judge need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis'" for the sentence imposed. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (internal citation omitted). The district court more than met that requirement here.

**AFFIRMED.**